UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES E. FITZGIBBONS, | ) | Civ. 12-4009 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER TRANSFERRING CASE |
| | ) | |
| HILL-ROM COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, James E. Fitzgibbons, brought suit against defendant, Hill-Rom Company, Inc., alleging various claims stemming from Fitzgibbons's employment with Hill-Rom. Hill-Rom moves to dismiss the complaint for improper venue pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6). Docket 6. Alternatively, Hill-Rom requests that the case be transferred to Indiana in accordance with 28 U.S.C. § 1406(a) and the forum-selection clause in the employment contract between Fitzgibbons and Hill-Rom. Fitzgibbons resists both dismissal and transfer. Docket 8. For the following reasons, the court transfers this case to the United States District Court for the Southern District of Indiana.

**BACKGROUND**

The pertinent facts to this order, viewed in the light most favorable to the nonmoving party, Fitzgibbons, are as follows:

Fitzgibbons was hired as a sales manager by Hill-Rom's predecessor, Advanced Respiratory, Inc. (ARI), in February of 1998. In late 2003, Hill-Rom acquired ARI. In January 2004, Fitzgibbons and Hill-Rom entered into an "Executive Employee Agreement" (Agreement), which contained a forum-selection clause. The clause provides:

> Choice of Forum. Executive acknowledges that the Companies are primarily based in Indiana, and Executive understands and acknowledges the Company's desire and need to defend any litigation against it in Indiana. Accordingly, the Parties agree that any claim of any type brought by Executive against the Company or any of its employees or agents must be maintained only in a court sitting in Marion County, Indiana, or Ripley County, Indiana, or, if a federal court, the Southern District of Indiana, Indianapolis Division. Executive further understands and acknowledges that in the event the Company initiates litigation against Executive, the Company may need to prosecute such litigation in such state where the Executive is subject to personal jurisdiction. Accordingly, for purposes of enforcement of this Agreement, Executive specifically consents to personal jurisdiction in the State of Indiana as well as any state in which resides a customer assigned to the Executive.

Docket 9-1 at 28.

Additionally, the Agreement also contained a choice-of-law provision, which stipulated that Indiana law governs claims arising from Fitzgibbons's employment:

> Choice of Law. This Agreement shall be deemed to have been made within the county of Ripley, State of Indiana and shall be interpreted and construed in accordance with the laws of the State of Indiana. Any and all matters of dispute of any nature whatsoever arising out of, or in any way connected with the interpretation of this Agreement, any disputes arising out of the Agreement or the employment relationship between the Parties hereto, shall be governed by, construed by and enforced in accordance with the

>laws of the State of Indiana without regard to any applicable state's choice of law provision.

Docket 9-1 at 29.

Fitzgibbons was employed by Hill-Rom until September 21, 2011, when Hill-Rom terminated his employment. Fitzgibbons filed this lawsuit in state court in South Dakota, alleging multiple claims related to his employment with Hill-Rom. Docket 7 at 3. After the action was removed to federal court, Hill-Rom moved to dismiss the complaint for improper venue under Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6) or, alternatively, to transfer the case pursuant to 28 U.S.C. S 1406(a). Docket 7 at 9.

## DISCUSSION

### I. The Forum-Selection Clause: Choice-of-Law, Enforceability, and Applicability

#### A. Choice-of-Law

The court must first determine whether federal or state law applies to determine the validity and enforceability of the forum-selection clause. A forum-selection clause involves both substantive contract law and procedural venue considerations. *Sun World Lines, Ltd. v. March Shipping Corp.,* 801 F. 2d 1066, 1068-69 (8th Cir. 1986). The Eighth Circuit Court of Appeals has not definitively stated whether the enforceability of a forum-selection clause falls under substantive or procedural law for the purpose of a choice-of-law analysis. *See Servewell Plumbing, LLC v. Fed. Ins. Co.,* 439 F.3d 786, 789 (8th Cir. 2006)

(noting there is a circuit split about whether to classify forum-selection clause jurisprudence as substantive or procedural). Because neither party argues that the choice-of-law determination is determinative of the outcome on the venue issue, this court does not need to determine whether forum-selection clauses are directly governed by substantive or procedural law and will apply federal law. *Servewell,* 439 F. 3d at 789 (holding that it is appropriate to follow federal law instead of state law in the context of forum-selection clauses where the relevant state law is aligned with federal law and neither party argues that the choice of law is outcome determinative). Thus, the court will analyze the forum-selection clause applying federal law.

### B. The Forum-Selection Clause Is Enforceable

Second, the court must determine whether the forum-selection clause is enforceable. *Terra Int'l, Inc. v. Miss. Chem. Corp.,* 119 F.3d 688, 692 (8th Cir. 1997). In *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972), the Supreme Court held that "forum-selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Id.* at 10. The Court also stated that a "forum-selection clause should control absent a *strong showing* that it should be set aside." *Id.* at 15 (emphasis added). Further, forum-selection clauses have been upheld even where the parties did not freely negotiate the terms. *See Carnival Cruise Lines, Inc. v. Shute,* 499 U.S.585, 592 (1991) (holding that a

forum-selection clause contained within a form agreement on a cruise ticket was enforceable despite not being freely negotiated).

Fitzgibbons argues that because Hill-Rom materially breached the contract, the forum-selection clause is not enforceable. The cases cited by Fitzgibbons in support of this argument are distinguishable, however, because they pertain to substantive promises, such as non-competition agreements.[1] But forum-selection clauses are not substantive clauses where the enforceability is destroyed by a material breach. *Soil Shield Int'l, Inc. v. Lilly Indus., Inc.*, 1998 WL 283580, at *3 (N.D. Cal. May 29, 1998). Additionally, it is counterintuitive to require the court to determine whether a contract has been breached and thus is unenforceable prior to determining which forum has jurisdiction over the claim. *See Portfolio Mgmt. Grp., LLC v. Bitach Fund I, LLC*, 2010 WL 727993, at *2 (D. Minn. March 2, 2010) ("But if a party's alleged breach of contract rendered a contractual forum-selection clause inoperative, such clauses would, as a practical matter, be unenforceable. . . . on (plaintiff's) theory, courts would have to litigate the merits of a breach-of-contract action before deciding where the merits of the breach-of-contract action must be litigated. That is clearly not the law."). *See also, Tex. Source Group, Inc. v. CCH,*

---

[1] Fitzgibbons relies on *Sallee v. Mason*, 714 N.E.2d 757 (Ind. App. 1999) (pertaining to a non-competition agreement), and *Licocci v. Cardinal Associates, Inc.*, 492 N.E.2d 48 (same). Both cases involve a substantive provision of the agreement.

5

*Inc.*, 967 F. Supp. 234, 237 (S.D. Tex. 1997) (explaining that a validly negotiated forum-selection clause would be rendered superfluous if found to be unenforceable by a breaching party).

Fitzgibbons argues that litigation in Indiana would be financially inconvenient. But the financial inconvenience of litigating in accordance with the forum-selection clause does not bear on the validity or enforceability of the clause itself. *See Servewell*, 439 F.3d at 790 (enforcing a forum-selection clause where the plaintiff claimed that it would incur "great expense" by abiding by the forum-selection clause); *M.B. Rests., Inc. v. CKE Rests., Inc.*, 183 F.3d 750, 753 (8th Cir. 1999) (enforcing a forum-selection clause over the plaintiff's assertion that he could not afford to litigate in the contractually-stipulated forum). *Cf. McDonnell Douglas Corp. v. Islamic Republic of Iran,* 758 F. 2d 341, 345-46 (8th Cir. 1985) (excusing enforcement of a forum-selection clause where it required the parties to litigate in post-revolutionary Iran, during the ongoing war between Iran and Iraq). In fact, the Supreme Court has held that enforcement of a forum-selection clause is unreasonable where "the party seeking to escape his contract . . . show[s] that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Bremen,* 407 U.S. at 17-18. Fitzgibbons has failed to elevate his financial inconvenience to this level and, as a result, has failed to show that enforcement of the clause would be unfair, unjust, or unreasonable.

Fitzgibbons also contends that Hill-Rom utilized its bargaining power in an unconscionable way. But Fitzgibbons has made no showing that the inclusion of the forum-selection clause in the Agreement was the result of fraud or overreaching. The mere existence of unequal bargaining positions is not sufficient to show that the forum-selection clause was unconscionable. *See Dexter Axle Co. v. Baan USA, Inc.*, 833 N.E.2d 43, 49 (Ind. App. 2005) ("A standardized contract is not unenforceable merely because of the unequal bargaining power of the parties–there must also be a showing that the contract is unconscionable."). The record before the court does not support a conclusion that Hill-Rom engaged in unconscionable acts in drafting and including the forum-selection clause in the contract.

**C. The Forum-Selection Clause is Applicable**

Next, the court will examine whether the forum-selection clause applies to the types of claims asserted in the lawsuit. *Terra*, 119 F.3d at 692. The scope of a forum-selection clause is a matter of contractual interpretation. *See Servewell*, 439 F.3d at 788 (indicating that contractual interpretation governs the "meaning, scope, or applicability of [a] forum-selection clause."). Because this forum-selection clause governs "any claim of any type" brought by Fitzgibbons against Hill-Rom, and because the parties do not dispute the meaning, scope, or applicability of the clause, the court finds that the forum-selection clause is applicable to Fitzgibbons's claim.

### D. The Forum-Selection Clause Is Both Enforceable and Applicable

For the foregoing reasons, the court finds that the forum-selection clause contained in the Agreement is enforceable and applicable. The court must now determine if dismissal or transfer is appropriate pursuant to 28 U.S.C. § 1406(a). *See Terra*, 119 F.3d at 695 ("The fact that we have found the [forum-selection] clause applicable merely allows us to consider it as one factor, albeit a very important one, in the overall transfer analysis.").

## II. Dismissal or Transfer

Hill-Rom moves for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(3) and/or 12(b)(6) and 28 U.S.C. § 1406(a), or, in the alternative, for transfer to the United States District Court for the Southern District of Indiana, in accordance with the dictates of the forum-selection clause. The court will first address the motion to dismiss and then address the transfer request.

### A. Dismissal is Not Appropriate

Under Federal Rule of Civil Procedure 12(b)(3), a party may move to dismiss a claim that was filed in an improper venue. Fed. R. Civ. P. 12(b)(3). In the Eighth Circuit, a party may move to dismiss a case for improper venue under Federal Rules of Civil Procedure 12(b)(3) or 12(b)(6), pursuant to 28 U.S.C. § 1406(a).[2] *See Rainforest Café, Inc. v. EklecCo, LLC*, 340 F.3d 544, 546

---

[2] The Supreme Court has explained that the congressional purpose behind 28 U.S.C. § 1406(a) was to avoid unjust dismissals by providing an effective remedy–transfer. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466

n.5 (8th Cir. 2003) (noting a circuit split as to whether Federal Rule of Civil Procedure 12(b)(3) or 12(b)(6) is the appropriate procedural vehicle for a motion to dismiss for improper venue and explaining that this issue need not be determined where a party moves to dismiss under both 12(b)(3) and 12(b)(6)). When the moving party bases the motion to dismiss on Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6), the court reviews the motion as a 12(b)(6) motion. *See Transocean Grp. Holdings Pty Ltd. v. S.D. Soybean Processors, LLC*, 505 F. Supp. 2d 573, 575 (D. Minn. 2007) (explaining that Rule 12(b)(3) motions to dismiss for improper venue are reviewed under the same standard as other motions to dismiss). When the court relies on pleadings and affidavits, then "the court must look at the facts in the light most favorable to the nonmoving party, and resolve all factual conflicts in favor of that party." *Pangaea, Inc. v. Flying Burrito LLC,* 647 F. 3d 741, 745 (8th Cir. 2011) (quoting *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991); *Johnson v. Arden*, 614 F. 3d 785, 793-94 (8th Cir. 2010)).

Hill-Rom's argument for dismissal over transfer relies primarily on the district court decision in *Alliance Communications Coop., Inc. v. Global Crossing Telecomm., Inc.,* Civ. Nos. 06-4221 and 06-3023, 2007 WL 1964271 (D.S.D. July 2, 2007). In *Alliance*, the defendant moved to dismiss the action for failure

---

(1962) (explaining that Section 1406(a) was drafted to prevent unjust dismissals where the plaintiff mistakenly thought that venue was appropriate).

9

to comply with a forum-selection clause that required the action to be "instituted and maintained in the Federal Court of the Western District of New York, or if jurisdiction is not available in Federal Court, then a state court located in Rochester, New York." 2007 WL 1964271, at *8. The court enforced the forum-selection clause and dismissed the case. *Id.* at *13. In the present case, however, the forum-selection clause requires that the present claim be maintained in a specific forum, rather than requiring the action to be both instituted and maintained in a specific forum.

The court finds that dismissal pursuant to 28 U.S.C. § 1406(a) is inappropriate here because this court is a proper venue for this case. Were it not for the forum-selection clause, the litigation could remain in South Dakota. Accordingly, the court finds that the resolution of the present case is governed by 28 U.S.C. § 1404(a), not § 1406(a). Thus, the court denies Hill-Rom's motion to dismiss.

**B. Transfer to the Southern District of Indiana is Appropriate**

A party may request a court to transfer a case pursuant to 28 U.S.C. § 1404(a) or § 1406(a). The court construes Hill-Rom's transfer request as being made pursuant to 28 U.S.C. § 1404(a) rather than § 1406(a) because this court has venue over the case and there is a forum-selection clause.[3] Courts are

---

[3] One difference between 28 U.S.C. § 1404(a) and § 1406(a) is that 1404(a) applies where the case was brought in an inconvenient venue, whereas 1406(a) applies where the case was brought in an incorrect venue. *Van Dusen*

generally deferential to the plaintiff's choice of forum and thus the "party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Terra*, 119 F.3d at 695.

28 U.S.C. § 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Transfer requests pursuant to 28 U.S.C. § 1404(a) "place discretion in the district court to adjudicate . . . according to an 'individualized, case-by-case consideration of convenience and fairness.' " *Stewart*, 487 U.S. at 29. Forum-selection clauses are to "figure centrally" in the court's analysis, but federal law, and not the forum-selection clause, governs the transfer analysis. *Id.* (holding that federal law governed the decision to grant a motion to transfer a diversity case to the venue that was stipulated in a forum-selection clause). The court must, therefore, analyze both the convenience and interest of justice factors regarding

---

*v. Barrack*, 376 U.S. 612, 634 (1964). Most courts prefer forum-selection clause transfer requests to be brought pursuant to 1404(a), especially where the case was initiated in a court that would otherwise, if not for the clause, have venue. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988) ("We find that federal law, specifically 28 U.S.C. § 1404(a), governs the District Court's decision whether to give effect to the parties' forum-selection clause and transfer this case to a court in Manhattan."). The statutory language of 1404(a) requires the court to review a transfer request in a more comprehensive manner considering both convenience and "interest of justice," while a 1406(a) transfer request focuses solely on "interest of justice." 28 U.S.C. §§ 1404(a) and 1406(a).

11

the requested transfer. In addition, forum-selection clauses are to figure centrally in the court's analysis of a request for transfer pursuant to § 1404(a). *Stewart*, 487 U.S. at 29-31.

### 1. Convenience

When evaluating convenience considerations, the Eighth Circuit has utilized a case-by-case approach and considered: (1) the convenience of the parties; (2) the convenience of key witnesses; (3) the location of documentary evidence; (4) the location where the relevant conduct occurred; and (5) the applicability of each state's substantive law. *Terra*, 119 F.3d at 696. Courts typically refuse to change venue when doing so would merely shift the burden of inconvenience from one party to the other. *Id.* at 696-97.

Hill-Rom has not argued that the current venue is inconvenient for Hill-Rom and Hill-Rom's key witnesses, that the location of documents or physical evidence warrants transfer, or that the relevant conduct occurred in Indiana.[4] The court presumes that litigation in Indiana would be more convenient for Hill-Rom, an Indiana corporation, than litigation in South Dakota. The court also presumes that litigation in South Dakota would be more convenient for

---

[4] Hill-Rom's argument is based solely on § 1406(a), which does not consider the convenience of the parties and/or witnesses. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Fitzgibbons. The choice-of-law provision in the contract states that Indiana law governs and both parties cite Indiana law in their briefs, apparently conceding the application of Indiana law. Thus, because of the applicability of Indiana law, the court finds that this factor favors Hill-Rom slightly.

### 2. Interest of Justice

When evaluating the "interest of justice," courts should consider: (1) judicial economy; (2) the plaintiff's choice of forum; (3) the comparative costs to the parties of litigating in each forum; (4) each party's ability to enforce a judgment; (5) obstacles to a fair trial; (6) conflict of law issues; and (7) the advantages of having a local court determine questions of local law. *Terra*, 119 F.3d at 696.

Hill-Rom failed to articulate why the "interest of justice" warrants transferring this case, so the court will conduct its own analysis. Neither party identified how the interests of judicial economy would be served. "Federal courts give considerable deference to a plaintiff's choice of forum." *Terra*, 119 F.3d at 695. Fitzgibbons chose South Dakota as the forum to file his lawsuit.

Fitzgibbons has offered evidence that tends to show that transfer would be financially inconvenient for him and would increase his cost of litigation. Hill-Rom has not shown that it faces any obstacles to a fair trial in this venue, and the court cannot think of a reason why a fair trial would be unlikely. Because it is appears that the parties agree that Indiana law applies to this

action, there may be advantages to having a federal court sitting in Indiana apply Indiana law. After considering all the factors, the court finds that the interest of justice factor weighs slightly in favor of Fitzgibbons because Fitzgibbons chose South Dakota as the forum.

### 3. The Analytic Centrality of the Forum-Selection Clause

The Supreme Court has stated that forum-selection clauses, generally, are not dispositive to a § 1404(a) transfer analysis but "[t]he presence of a forum-selection clause . . . will be a significant factor that figures centrally in the district court's calculus" when evaluating a § 1404(a) transfer request. *Stewart*, 487 U.S. at 29. The presence of an enforceable forum-selection clause is entitled to weighty consideration in a § 1404(a) analysis. *See Stewart*, 487 U.S. at 29. "[A] forum-selection clause is 'a significant factor that figures centrally in the district court's calculus' in a motion to transfer[.]" *Terra*, 119 F.3d at 697 (citing *Stewart*, 487 U.S. at 29).

The court's analysis of the convenience considerations weighs slightly in favor of Hill-Rom, while the interest of justice considerations weighs slightly in favor of Fitzgibbons. The court finds that the presence of an enforceable and applicable forum-selection clause requiring this action to be maintained in the United States District Court for the Southern District of Indiana is entitled to great weight. While the Supreme Court has stated that forum-selection clauses

are not *generally* dispositive, this is an instance where a forum-selection clause should have a dispositive effect.

## CONCLUSION

This court finds that dismissal is inappropriate because this court is a proper venue for this case. The court also finds that because the convenience factor weighs slightly in favor of Hill-Rom and the interest of justice factor weighs slightly in favor of Fitzgibbons, the presence of a valid forum-selection clause compels a finding that the proper resolution of this action is to transfer the case to the United States District Court for the Southern District of Indiana. Therefore, it is

ORDERED that Hill-Rom's Motion to Transfer (Docket 6) is granted, and this case is transferred to the United States District Court for the Southern District of Indiana, Indianapolis Division.

Dated June 28, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE